**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 02 2012, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STANLEY L. CAMPBELL**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESSIT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRACY A. LAWRENCE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1203-CR-125 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1108-FD-1132

**October 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Tracy A. Lawrence was convicted of Class D felony theft. He now appeals, arguing that the evidence is insufficient to support his conviction. Finding that the evidence is sufficient to prove that Lawrence committed theft, we affirm.

## Facts and Procedural History

The facts most favorable to the verdict are that in July 2011, employees of Acme Bar & Grill in Allen County, Indiana, noticed that several boxes of high-quality meat products were missing from the restaurant's outdoor meat cooler. Video surveillance from the night before showed a man crossing Acme's parking lot to the area where the cooler was located and then carrying boxes away from the cooler. After discovering that meat was missing, the employees placed a lock on the cooler. The following morning, employees discovered the cooler's lock had been cut and additional meat products taken. Acme installed an alarm system and a new lock because of the thefts.

At approximately 1:20 a.m. on July 19, 2011, police received notification that the cooler's alarm system had been triggered. The new lock had been cut and meat products again taken. Surveillance video showed a man carrying a bolt cutter across the parking lot to the cooler and then carrying boxes away from the cooler. Acme's loss in meat products was estimated between $2500 and $3000.

Fort Wayne Police Detective Scott Morales interviewed Lawrence in connection with the thefts. Detective Morales advised Lawrence of his rights, and Lawrence signed a written waiver. Detective Morales told Lawrence that he was a suspect because he resembled the man in the surveillance video who was seen carrying boxes of meat away

2

from Acme's cooler. Although Lawrence initially denied involvement, he then told Detective Morales that two men he met at a gas station had hired him to perform several jobs, including taking boxes of meat that were sitting outside Acme's meat cooler. The men instructed Lawrence to take the meat and deliver it to an address a block away from Acme. Lawrence said he had followed the men's instructions and had been paid for delivering the meat. Lawrence then changed his story, saying that he had simply delivered an empty box found on a nearby street corner. When Detective Morales reminded Lawrence about the surveillance video, Lawrence gave Detective Morales the name and address of one of the men he claimed hired him.

The State charged Lawrence with Class D felony theft, and a jury found Lawrence guilty as charged. The trial court sentenced Lawrence to three years in the Department of Correction. Lawrence now appeals.

**Discussion and Decision**

Lawrence contends that the evidence is insufficient to support his conviction for Class D felony theft. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* When confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quotation omitted). It is not necessary that the evidence

overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

Class D felony theft occurs when a person "knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." Ind. Code § 35-43-4-2(a). Lawrence argues that the evidence at trial was insufficient, particularly because "there is an absence of identification of him being the one in the [surveillance] video." Appellant's Br. p. 7.

Lawrence's argument overlooks the fact that the surveillance video was just one piece of evidence at his trial. The key piece of evidence was Lawrence's own admission that he was hired by two men to steal meat products from Acme. Detective Morales also testified and identified Lawrence as the person who admitted taking Acme's meat products. Lawrence's attempt to discredit the surveillance video by arguing that the State did not prove he was the man shown in it does not negate his confession to Detective Morales.

We find Lawrence's additional arguments similarly unpersuasive. He attempts to downplay his confession to Detective Morales by pointing out that he initially denied stealing the meat and later offered another story about how he came into possession of it. This is an invitation to reweigh the evidence, which we will not do. Lawrence's claim that he did not break into the cooler to steal the meat is also unconvincing as Section 35-43-4-2(a) imposes no breaking requirement. Finally, Lawrence's contention that he did not intend to steal Acme's property must fail. Lawrence admitted that he took Acme's meat and delivered it to another individual in return for money. From this, the jury could

reasonably conclude that Lawrence intended to deprive Acme of the value of its meat products. We therefore conclude that the evidence is sufficient to support Lawrence's conviction for Class D felony theft.

Affirmed.

MAY, J., and BARNES, J., concur.